**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3185-18T2

IN THE MATTER OF BILLIE
HAYES, DIVISION OF MEDICAL
ASSISTANCE AND HEALTH
SERVICES, DEPARTMENT OF
HUMAN SERVICES.

_____

Submitted December 16, 2020 – Decided January 6, 2021

Before Judges Geiger and Mitterhoff.

On appeal from the New Jersey Civil Service Commission, Docket No. 2018-3252.

Billie Hayes, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent Division of Medical Assistance and Health Services, Department of Human Services (Sookie Bae, Assistant Attorney General, of counsel; Rimma Razhba, Deputy Attorney General, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent Civil Service Commission (Jonathan S. Sussman, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Billie Hayes appeals from a February 6, 2019 corrected final decision of the Civil Service Commission (Commission) denying his request for reconsideration of a March 27, 2019 final agency action that upheld his removal and resignation not in good standing effective April 18, 2016. We affirm.

Hayes was employed by the Division of Medical Assistance and Health Services (Division) as a Quality Control Reviewer. Hayes was on worker's compensation leave from November 6, 2014 to April 10, 2016, after suffering a head injury at work that caused post-concussive syndrome. His treating neurologist determined Hayes could return to work on April 10, 2016, with no restrictions and without specifying any necessary accommodations. On April 7, 2016, the Division sent written notice to Hayes confirming he was cleared to return to work on April 11, 2016 and offering him the opportunity to identify any reasonable accommodations under the ADA. Hayes did not request any accommodations.

At 8:37 a.m. on April 11, Hayes sent an email to the Division requesting to use seven hours of administrative leave that day. The Division informed Hayes the next day that he was not authorized to request leave by email and that he had no leave time available. Hayes did not respond to the email and never

returned to work. The Division then sent Hayes a series of Preliminary Notices of Disciplinary Action regarding his unacceptable attendance.

On June 22, 2016, the Division sent Hayes two Final Notices of Disciplinary Action imposing a removal and resignation not in good standing effective April 18, 2016. Hayes contested the termination and requested a hearing. The matter was transferred to the Office of Administrative Law (OAL) as a contested case and assigned to an Administrative Law Judge (ALJ).

On March 24, 2017, the Division moved for summary decision. Hayes opposed the motion on the ground that he requested an accommodation, and thus, the Division was required to respond to the request before terminating him. The ALJ found that Hayes "provided no evidence that a request for an accommodation was ever made." The ALJ issued a September 15, 2017 initial decision granting the Division's motion for summary decision and sustaining the removal and resignation not in good standing. The ALJ found that the following material facts were undisputed:

1. The appellant was out on approved worker's compensation leave from November 6, 2014, through April 10, 2016, as a result of a workplace injury that he sustained on or about November 5, 2014.

2. The appellant was given several extensions on his leave, and was cleared to return to work on April

10, 2016, by his treating physician, Dr. Vasko Gulevski.

3. Dr. Gulevski submitted a return to work form dated April 6, 2016, in which he certifies that Billie Hayes was seen or treated in his office on that date and may return to work on April 10, 2016.

4. Treatment Notices from Dr. Gulevski dated March 17, 2016, were also provided to the employer.

5. Neither the notes [n]or the return to work certification from Dr. Gulevski request an accommodation for the appellant under the ADA. The appellant never requested an accommodation.

6. On April 7, 2016, in response to the return to work notice, the respondent sent a letter to the appellant which advised that "you may have a need for a work accommodation, therefore, I am enclosing the American with Disability Act (ADA) accommodation forms for you[r] review and completion."

7. The appellant did not respond to the correspondence or ask for an accommodation either in writing, or verbally.

8. On April 11, 2016, the date the appellant was to return to work, he sent an email at 8:30 a.m. which stated "I would like to use 7 hours of AL time today 4-11-16. Thanks."

9. The appellant was advised by the respondent on April 12, 2016, that he was not permitted to call

4

out or request time off by email, and must have direct contact with a person at work. The letter further advised appellant that he had no remaining time available, and was therefore, "out on authorized leave as of Monday, April 11, 2016."

10. The appellant did not respond to this letter and had no further contact with the respondent, by phone or email. The appellant did not return to work on April 12, 2016, April 13, 2016, April 14, 2016, or April 15, 2015. The appellant did not request time off or an accommodation.

11. On Monday, April 18, 2016, a Preliminary Notice of Disciplinary Action (PNDA) was issued, charging the appellant with a violation of N.J.A.C. 4A:6-1.10, regarding approval for leave of absence.

12. A second PNDA was issued on charging appellant with being absent from work without permission or proper notice, and job abandonment in violation of N.J.A.C. 4A:2-6.2(c).

The ALJ concluded that Hayes's "failure to return to work on April 11, 2016, constituted an absence without permission" and that his "refusal to return to work for five consecutive days without leave or failure to return to work for five consecutive days without leave or permission constitute[d] job abandonment as well as chronic absenteeism."

A-3185-18T2

Hayes filed exceptions to the summary decision. The Commission issued a March 27, 2018 final decision that accepted and adopted the ALJ's findings of fact and conclusions and upheld the removal and resignation not in good standing effective April 18, 2016.

Hayes then requested reconsideration, claiming that a clear material error had occurred which would change the outcome of the case. The Commission issued a detailed February 6, 2019 corrected decision that determined "reconsideration is not justified." The Commission found that "[t]he record does not indicate that the [appellant] requested a reasonable accommodation or assistance with completing the ADA forms that the appointing authority sent him." In addition, the Commission found that the appointing authority had no notice of any needed reasonable accommodations from Dr. Gulevski's letter. The Commission further found that Hayes did not state "what reasonable accommodation . . . he would have required in order to return to work." Finally, the Commission found that even if there was a dispute as to whether the appointing authority had notice of any needed reasonable accommodations, "such dispute or discrepancy would not excuse his continued absences from work in light of the physician's report and note clearing him to return to work." This appeal followed.

Hayes raises a single point for our consideration:

> The decision made by the New Jersey Civil Service Commission to deny my appeal is arbitrary and capricious. The removal and resignation not in good standing, does not meet the requirements of N.J.A.C. 4A:2-6.2(c).

Hayes's argument lacks sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(1)(E). We affirm the decision of the Commission substantially for the reasons expressed by the ALJ in her initial decision, which were adopted by the Commission in its March 27, 2018 final decision. We likewise affirm the denial of reconsideration substantially for the reasons expressed by the Commission in its February 6, 2019 corrected decision. Each of those decisions are "supported by sufficient credible evidence on the record as a whole." R. 2:11-3(e)(1)(D). We add the following comments.

Reviewing courts "have a limited role in reviewing a decision of an administrative agency," Henry v. Rahway State Prison, 81 N.J. 571, 579 (1980), and will only reverse the agency's decision if it is arbitrary, capricious, or unreasonable or is not supported by substantial credible evidence in the record as a whole, Campbell v. Dep't of Civ, Serv., 39 N.J. 556, 562 (1963). In addition, a "strong presumption of reasonableness attaches to the actions of administrative agencies," which is further enhanced "where the agency is

7

A-3185-18T2

dealing with specialized and technical matters." In re Vey, 272 N.J. Super. 199, 205 (App. Div. 1993) (citing Newark v. Nat. Res. Council, 82 N.J. 530, 539-540 (1980)). We do not substitute our judgment for that of the agency. Clowes v. Terminex Int'l, Inc., 109 N.J. 575, 587 (1988).

A petition for reconsideration must show "new evidence or additional information not presented at the original proceeding[] which would change the outcome . . . at the original proceeding." N.J.A.C. 4A:2-1.6(b).

N.J.A.C. 4A:2-6.2(c) provides that "[a]n employee who has not returned to duty for five or more consecutive business days following an approved leave of absence shall be considered to have abandoned his or her position and shall be recorded as a resignation not in good standing."

Our careful review of the record reveals that the Commission's decisions are amply supported by substantial, credible evidence in the record, consistent with applicable statutes, administrative regulations, and case law, and were not arbitrary, capricious, or unreasonable. Hayes failed to report to work on or after April 11, 2016, despite being cleared by his physician to do so without restrictions or accommodations. We discern no basis to disturb the Commission's decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8                                                                                    A-3185-18T2